Filed 1/4/16  Albert v. Olivo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LENORE ALBERT, | |
|    Plaintiff and Appellant, | G051159 |
|       v. | (Super. Ct. No. 30-2014-00734038) |
| GEORGE OLIVO, | O P I N I O N |
|    Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Margaret R. Anderson, Retired Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed and remanded.

Law Offices of Lenore L. Albert, and Lenore L. Albert, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Appellant Lenore Albert filed two restraining order actions centered on the behavior of her erstwhile employee, George Olivo. These were Case No. 30-2014-00734043 (the "43 case"), seeking relief under section 527.8 of the Code of Civil Procedure[1], and Case No. 30-2014-00734038 (the "38 case"), asking for general restraining orders pursuant to section 527.6. When the two cases were called for trial on October 10, 2014, the trial judge announced she was not going to allow Albert to obtain two separate restraining orders, because the events and paperwork covering the two requests were identical: "You will not get two restraining orders for the same people with the same names for the same employees."

The judge then immediately put Albert to a forced election. Albert could have one of the two cases heard, but not both. Said Judge Anderson: "And those files [the two restraining order cases] are absolutely identical. So you can sit down and decide which one you want." Judge Anderson added: "But at the moment, I think you [talking to Albert] should sit down and talk about this a minute and make an election as to which of the two you're going to go with."

A few moments later, however, the judge appears to have changed her mind and said the two cases could be tried seriatim. In the process, however, the judge made it clear she would not entertain any idea of simply consolidating the two: "I'm not going to hear these together. We're going to hear them separately. . . . Which one do you prefer to go first?"

Albert chose the 43 case to go first. After two days of hearings, the trial judge denied the requested workplace violence restraining order. As we explain in our decision on the 43 case in the appeal of Case No. G051125 appeal, the trial judge erroneously excluded considerable evidence offered by Albert. Such evidence might

---

[1]     All statutory references in this opinion are to the Code of Civil Procedure.

have persuaded a reasonable finder of fact that Olivo had made threats against Albert encompassing more than just one unpleasant incident on July 11, 2014.

At the conclusion of the 43 case, the court asked whether Albert wished to proceed on her 38 case. Even before Albert could answer, Judge Anderson announced that she would find against her on that case as well.[2] The judge embellished her announced prejudgment with a finding that Albert had no credibility, was not a reasonable person, and was vindictive.

Obviously we must reverse the order in the 38 just as we have reversed the order in the 43 case. Judge Anderson left no doubt she had prejudged the 38 case based on the hearing in the 43 case. As such, we note, as we do in the companion appeal, that Albert will be able to file a section 170.6 affidavit against Judge Anderson in the event Judge Anderson is assigned to the case on remand.

While we recognize that managing a busy harassment restraining order calendar is a high-pressure, emotionally-charged job compounded by an extraordinary number of self-represented litigants, Judge Anderson's clear prejudging of this case was not in the highest tradition of the trial bench. (See *In re Marriage of Carlsson* (2008) 163 Cal.App.4th 281, 290-291, quoting *Hansen v. Hansen* (1965) 233 Cal.App.2d 575, 584 ["'A trial judge should not prejudge the issues but should keep an open mind until all the evidence is presented to him.'"].)

---

[2]    We reproduce the colloquy:
"[The court:] " . . . We'll also have another matter that you [Albert] have filed, which is a personal restraining order against Mr. Olivo. [¶] Now, do you want to go ahead with that? And I'm going to be making pretty much the same findings. Because your exact same charges, your exact same list of complaints, exact same people are named in that one.
"Ms. Albert: Yes.
"The court: You want to go ahead with it?
"Ms. Albert: Yes, because I intend to – at least I made my record. And I will appeal these decisions if they are found against me."

The order denying Albert's request in the 38 action, including any accompanying attorney fee order in Olivo's favor, is reversed with directions to hold further proceedings consistent with this opinion. Albert will bear her own costs on appeal.

BEDSWORTH, J.

WE CONCUR:

O'LEARY, P. J.

FYBEL, J.